UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSE NIEVES and COLLIN DEWAR on behalf of :
themselves and all others similarly situated, :
:
                Plaintiffs, : Case No. 08 Civ. 0321 (KMK)
:
  - against - :
:
COMMUNITY CHOICE HEALTH PLAN OF : **ANSWER FOR ALL**
WESTCHESTER, INC., et al., : **DEFENDANTS**
:
                Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendants, COMMUNITY CHOICE HEALTH PLAN OF WESTCHESTER, INC. ("CCHP"), MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC. ("Mount Vernon") and SOUND SHORE MEDICAL CENTER OF WESTCHESTER, INC. ("Sound Shore") (collectively, "Defendants"), by their attorneys, Epstein Becker & Green, P.C., as and for their Answer to the Complaint, respectfully respond as follows:

        1.    Deny the allegations contained in paragraph 1 of the Complaint.

        2.    In response to the allegations contained in paragraph 2 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

        3.    In response to the allegations contained in paragraph 3 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

        4.    In response to the allegations contained in paragraph 4 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

        5.    Admit the allegations contained in paragraph 5 of the Complaint.

        6.    Admit the allegations contained in paragraph 6 of the Complaint.

7. Admit the allegations contained in paragraph 7 of the Complaint.

8. Deny the allegations contained in paragraph 8 of the Complaint, except states that Mount Vernon is a New York corporation that maintained and operates a federally qualified health center at 107 West Fourth Street, Mount Vernon, NY 10550.

9. Admit the allegations contained in paragraph 9 of the Complaint.

10. Deny the allegations contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. In response to the allegations contained in paragraph 14 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

15. In response to the allegations contained in paragraph 15 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

16. In response to the allegations contained in paragraph 16 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

17. In response to the allegations contained in paragraph 17 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

18. Admit the allegations contained in paragraph 18 of the Complaint.

19. In response to the allegations contained in paragraph 19 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

20. In response to the allegations contained in paragraph 20 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

21. In response to the allegations contained in paragraph 21 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

22. In response to the allegations contained in paragraph 22 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

23. In response to the allegations contained in paragraph 23 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

24. In response to the allegations contained in paragraph 24 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

25. In response to the allegations contained in paragraph 25 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

26. In response to the allegations contained in paragraph 26 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

27. With respect to paragraph 27 of the Complaint, incorporate by reference their answers to each of the paragraphs of the Complaint referenced therein.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint, except state that CCHP is a not-for-profit corporation formed pursuant to a joint venture agreement entered into by Mount Vernon and Sound Shore.

31. Deny the allegations contained in paragraph 31 of the Complaint, except state that, under CCHP's corporate by-laws, Mount Vernon possessed the right to appoint a majority of the members of the board of directors of CCHP and Sound Shore possessed the right to appoint the remaining members.

32. In response to the allegations contained in paragraph 32 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

33. In response to the allegations contained in paragraph 33 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

34. In response to the allegations contained in paragraph 34 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to

which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

35. In response to the allegations contained in paragraph 35 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

36. In response to the allegations contained in paragraph 36 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

37. In response to the allegations contained in paragraph 37 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

38. In response to the allegations contained in paragraph 38 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

39. In response to the allegations contained in paragraph 39 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

40. Deny that defendants had any obligation to pay the benefits to which the allegations contained in paragraph 40 of the Complaint refer but admit that such benefits were not paid.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. In response to the allegations contained in paragraph 42 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

## **AFFIRMATIVE DEFENSES**

43. The Complaint fails to state a claim upon relief may be granted.

44. Neither Mount Vernon nor Sound Shore were, at any relevant time, plaintiffs' employer and accordingly they are not a proper parties to this action.

45. CCHP is not an employer within the meaning of the term as defined in 29 U.S.C. § 2101(1), in that it did not employ 100 or more employees at the time of the employment decisions challenged herein.

46. If WARN otherwise was applicable to CCHP, its employment decisions were exempt from the notice provisions pursuant to 29 U.S.C. § 2102(b)(1).

47. If WARN otherwise was applicable to CCHP, its employment decisions were exempt because they were compelled by an order of a state governmental agency, the New York State Department of Health, which possessed the authority to require that CCHP cease operations in fewer than sixty days, rendering compliance with WARN impossible.

WHEREFORE, defendants demand judgment dismissing the Complaint, awarding them their costs, disbursements, and attorney's fees incurred in defending this action, and such other relief as is just and proper.

Dated: April 21, 2008

                                      Respectfully submitted,

                                      **EPSTEIN BECKER & GREEN, P.C.**

                                      s/John Houston Pope
                                           John Houston Pope

                                      250 Park Avenue
                                      New York, New York 10177
                                      Phone:  212.351.4500
                                      Fax:     212.878.8741
                                      e-mail:  jhpope@ebglaw.com

-------------------------------------------------------------------------------------------------------

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel for Plaintiffs.

                                      s/ John Houston Pope
                                           John Houston Pope