UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOSE NIEVES and COLLIN DEWAR, on behalf    :
of themselves and all others similarly situated,   :
          Plaintiffs,    :
                               :    **MEMORANDUM DECISION**
v.    :
                               :    08 CV 321 (VB) (PED)
COMMUNITY CHOICE HEALTH PLAN OF    :
WESTCHESTER, INC., MOUNT VERNON    :
NEIGHBORHOOD HEALTH CENTER, INC.,    :
and SOUND SHORE MEDICAL CENTER OF    :
WESTCHESTER, INC.,    :
          Defendants.    :
---------------------------------------------------------------x

Briccetti, J.:

Now pending before the Court is the parties' joint motion for an order certifying this

action as a class action; preliminarily approving the parties' settlement agreement; approving the

form and manner of notice to the settlement class; scheduling a final fairness hearing for the

final consideration and approval of the settlement; and granting final approval to the settlement.

(Doc. #68).  For the following reasons, the Court GRANTS the motion except as to the final

approval of the settlement agreement, which the Court will do, if warranted, following the

fairness hearing.

## BACKGROUND

This putative class action was commenced by named plaintiffs Jose Nieves and Collin

Dewar on behalf of themselves and others similarly situated.  Named plaintiffs and the putative

class members were employees of defendant Community Choice Health Plan of Westchester,

Inc., and worked at the same facility.  They claim they were terminated between November 30,

2007, and March 31, 2008, and their termination was without warning in violation of the federal

1

Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101 et seq. ("WARN Act").  According to the parties' submissions, there are approximately 87 members of the putative class.

In response to plaintiffs' claims, defendants assert the WARN Act does not apply to this case; they were not a single employer; and, if the WARN Act applies to this matter, their conduct falls within the unforeseeable business circumstance exception to the Act.

The parties have submitted a proposed settlement agreement.  Pursuant to that agreement, the total settlement amount is $72,250.  The amount would be divided as follows: (1) each named plaintiff would receive $2,500 for their services as a class representative; (2) class counsel would receive $22,417, which is one-third of the settlement total net of the payments to the named plaintiffs; and (3) the balance of $44,833 would be divided among the class members who do not opt out of the settlement.  Each class member, including named plaintiffs, terminated between November 30, 2007, and December 7, 2007, would receive $589.50, and each class member terminated between December 8, 2007, and March 31, 2008, would receive $186.16.

The parties assert the settlement is the result of good faith, arm's length negotiations by parties who have been represented by capable counsel with experience in these types of matters. Further, they maintain each party explored the strengths and weaknesses of their respective claims.  Finally, plaintiffs' counsel assert they have the skill and expertise to litigate plaintiffs' claims appropriately and to evaluate the claims, defenses, and settlement appropriately.

**DISCUSSION**

I.     Certification of the Putative Class

The parties first ask the Court to certify the putative class for settlement purposes. Defendants do not oppose certification.  The Court may conditionally certify a class for

settlement purposes provided the requirements of Federal Rule of Civil Procedure 23(a) and (b) are met.  See, e.g., In re Take Two Interactive Secs. Litig., 2010 U.S. Dist. LEXIS 143837, at *16-17 (S.D.N.Y. June 29, 2010); Cohen v. J.P. Morgan Chase & Co., 262 F.R.D. 153, 157-58 (E.D.N.Y. 2009); Ayzelman v. Statewide Credit Servs. Corp., 238 F.R.D. 358, 362 (E.D.N.Y. 2006). "Certification of a class for settlement purposes only is permissible and appropriate." Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 237 F.R.D. 26, 31 (E.D.N.Y. 2006) (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 619-21 (1997).

Before the Court can certify the class, plaintiffs must satisfy the four elements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation.  Fed. R. Civ. P. 23(a); Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1437 (2010).  Plaintiffs must then meet at least one of the three subsections of Rule 23(b). McLaughlin v. American Tobacco Co., 522 F.3d 215, 222 (2d Cir. 2008); see also Amchem Prods., Inc. v. Windsor, 521 U.S. at 614.  Rule 23(b)(3) permits class certification when "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Rule 23 is to be construed liberally, rather than restrictively, and the district court is to adopt a standard of flexibility.  See Marisol A. v. Giuliani, 126 F.3d 372, 377 (2d Cir. 1997).

A.    Numerosity

Rule 23(a)(1) requires Court find "the class is so numerous that joinder of all members is impracticable."  Courts in the Second Circuit have found this requirement met by a class consisting of forty or more members.  See, e.g., Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993); Collins v. Olin Corp., 248 F.R.D. 95, 101 (D. Conn. 2008) ("While there is no

3

predetermined number of plaintiffs necessary to certify a class, courts generally have found a class consisting of 40 or more members to be sufficient.").  There are 87 individuals, including plaintiffs, in this class action.  Therefore, the numerosity requirement is met.

B.      Common Questions of Law and Fact

Rule 23(a)(2) requires a showing of "questions of law or fact common to the class." "The commonality requirement is met if plaintiffs' grievances share a common question of law or of fact."  Marisol A. v. Giuliani, 126 F.3d at 376.  A single question of law suffices to satisfy the commonality requirement.  Monaco v. Stone, 187 F.R.D. 50, 61 (E.D.N.Y. 1999).

The parties agree the commonality provision is met.  They assert the common issues in this case relate to whether the class members lost their employment as a result of a qualifying event under the WARN Act; whether there was a sufficient number of employees who lost their positions to warrant application of the WARN Act; whether an exception to the WARN Act applied; and the nature of defendants' liabilities.  The Court agrees with the parties that these issues of law and fact are common to all proposed class members.

C.      Typicality

Rule 23(a)(3) "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 155 (2d Cir. 2001).  "Differences in the degree of harm suffered, or even in the ability to prove damages, do not vitiate the typicality of a representative's claims."  Ouellette v. Int'l Paper Co., 86 F.R.D. 476, 480 (D. Vt. 1980).  The typicality and commonality requirements tend to merge into one another, and similar considerations guide both analyses.  See Marisol A. v. Giuliani, 126 F.3d at 376.  It is not

4

required that the underlying facts be identical for all class members.  Instead, the typicality requirement "requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 293 (2d Cir. 1999).

Plaintiffs and the proposed class members share the same claims differing only in degree. Therefore, the typicality requirement is met.

        D.      Adequacy of Representation

Finally, under Rule 23(a)(4), the Court must examine whether named plaintiffs' interests "are antagonistic" to that of the other members of the class.  In re Visa Check/Master Money Antitrust Litig., 280 F.3d 124, 142 (2d Cir. 2001); see also Amchem Products, Inc. v. Windsor, 521 U.S. 591, 625-26 (1997) ("The adequacy inquiry under Fed. R. Civ. P. 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent.  A class representative must be part of the class and possess the same interest and suffer the same injury as the class members.").  Class representatives must have "a sufficient interest in the outcome of the case to ensure vigorous advocacy."  Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co. Inc., 229 F.R.D. 395, 413 (S.D.N.Y. 2004).  Plaintiffs must also have attorneys who are "qualified, experienced, and generally able to conduct the litigation."  In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992).

The parties maintain named plaintiffs have no conflicts of interest with the class members and the interests of named plaintiffs are commensurate with those of the class members.  The Court does not foresee a conflict between named plaintiffs and the remainder of the class.  Further, in light of the representations concerning the experience and capability of plaintiffs' counsel, the Court concludes counsel are able to protect the interests all of members of

the class properly.  Therefore, the Court finds named plaintiffs and their chosen counsel can adequately represent the interests of the class members.

       E.     <u>Predominance</u>

Rule 23(b)(3) requires the Court find "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  As the Court of Appeals has stated, "[c]lass-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof."  <u>Moore v. PaineWebber, Inc.</u>, 306 F.3d 1247, 1252 (2d Cir. 2002).

The Court agrees with the parties' assertions regarding the predominance inquiry. Specifically, it appears to the Court that the issues of proof are common to all members of the class and such issues predominate over any issues any individual class member may have.  In addition, it appears the prosecution of this case as a class action would uphold the Court's interest in a fair and efficient adjudication better than a joint action among the putative class would.

In light of the foregoing, the Court grants certification of this action as a class action for purposes of this settlement.  In addition, the Court appoints named plaintiffs Jose Nieves and Collin Dewar as class representatives and appoints Lankenau & Miller, LLP, and the Gardner Firm, P.C. as class counsel.

6

II.     Fairness of the Proposed Settlement

Unlike settlements in other types of cases, settlements in class action cases and putative

class actions cases must be approved by the Court.  See Fed. R. Civ. P. 23(e); In re Initial Pub.

Offering Sec. Litig., 243 F.R.D. 79, 82-83 (S.D.N.Y. 2007).  The Court must ensure the

settlement is "fair, reasonable, and adequate" to the class members.  Fed. R. Civ. P. 23(e)(2).  In

evaluating a settlement agreement, the Court's "primary concern is with the substantive terms of

the settlement [and] the [C]ourt must compare the terms of the compromise with the likely

rewards of litigation."  In re Initial Pub. Offering Sec. Litig., 243 F.R.D. at 83.  The Court "must

apprise [it]self of all facts necessary for an intelligent and objective opinion of the probabilities

of ultimate success should the claim be litigated."  Weinberger v. Kendrick, 698 F.2d 61, 74 (2d

Cir. 1982).  While the Court need not go so far as to conduct a trial on the merits, the Court must

nonetheless make "findings of fact and conclusions of law whenever the propriety of the

settlement is seriously in dispute."  Malchman v. Davis, 706 F.2d 426, 433 (2d Cir. 1983).  In

addition, the Court should look at the negotiation process to ensure it was fair.  D'Amato v.

Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001).  "A presumption of fairness, adequacy, and

reasonableness may attach to a class settlement reached in arm's-length negotiations between

experienced, capable counsel after meaningful discovery."  Wal-Mart Stores, Inc. v. Visa U.S.A.

Inc., 396 F.3d 96, 116 (2d Cir. 2005) (citing Manual for Complex Litigation, Third, § 30.42

(1995)).

Review of a proposed class action settlement involves a two-step process: preliminary

approval and a subsequent "fairness hearing."  The Court first reviews the proposed terms of the

settlement and makes a preliminary determination on the fairness, reasonableness, and adequacy

of the settlement terms.  See Manual for Complex Litigation, Fourth § 21.632; In re Initial Pub.

7

Offering Sec. Litig., 243 F.R.D. at 87.  "Preliminary approval of a class action settlement, in contrast to final approval, 'is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness.'"  Menkes v. Stolt-Nielsen S.A., 270 F.R.D. 80, 101 (D. Conn. 2010) (quoting In re Traffic Executive Association-Eastern Railroads, 627 F.2d 631, 634 (2d Cir. 1980)).  "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted."  In re Nasdaq Market-Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997).  Once preliminary approval is granted and notice of the settlement agreement is given, the class members and settling parties are heard prior to final Court approval of the settlement.  Id.

Here, the parties maintain the settlement agreement reflects good faith, arms' length negotiations which took place over many weeks by parties represented by experienced and talented counsel with expertise in these types of cases.  Therefore, the Court believes the settlement is the result of serious, informed, and non-collusive negotiations.  The Court need not perform a full fairness analysis at this time because it will be done in connection with the fairness hearing.

The Court notes that, prior to final approval, it has questions regarding the settlement agreement that the parties should be prepared to address.  First, the Court questions the amount of the award to named plaintiffs stemming from their service as class representatives compared to the damages awarded to the class members individually.  See, e.g., Holmes v. Continental Can Co., 706 F.2d 1144, 1147 (11th Cir. 1983) ("[C]areful scrutiny by the court is necessary to guard

against settlements that may benefit the class representatives or their attorneys at the expense of absent class members."); Plummer v. Chemical Bank, 91 F.R.D. 434, 441-42 (S.D.N.Y. 1981) ("Where representative plaintiffs obtain more for themselves by settlement than they do for the class for whom they are obligated to act as fiduciaries, serious questions are raised as to the fairness of the settlement to the class."), aff'd, 668 F.2d 654 (2d Cir. 1982).  Second, the Court is not aware as to why December 7, 2007, is a relevant date to separate the damage awards to the two groups of class members.  The complaint, which reflects the fullest factual background of the case available to the Court at this time, does not mention the significance of December 7. The Court is comfortable granting preliminary approval now and addressing these concerns at the fairness hearing.

III.    Notice to Class Members

        Having preliminarily approved the settlement, the Court "must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise."  Fed. R. Civ. P. 23(e)(1)(B).  Pursuant to Rule 23(c)(2)(B), the Court must provide:

> the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The notice "must be of such nature as reasonably to convey the required information and it must afford a reasonable time for those interested to make their appearance."  McReynolds v.

9

Richards-Cantave, 588 F.3d 790, 804 (2d Cir. 2009).  The key is the notice be reasonable.  See

Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d at 113-14.

The parties propose sending a copy of the notice to each class member's last known

address by first class mail, postage prepaid.  For any notice which is returned as undelivered,

class counsel will forward the notice to a correct address that counsel may obtain.  Class counsel

represents they have been able to obtain correct addresses for most of the class members already.

The parties ask that the class members have at least thirty days between expected receipt of the

notice and the fairness hearing.

The Court approves of the manner of notice proposed by the parties as it is reasonable

and the best practicable option for confirming the class members receive notice.  See Eisen v.

Carlisle & Jacquelin, 417 U.S. 156, 175 (1974) (approving individual mailings as best notice

practicable).

As to the form of the notice, the Court has several comments.  First, the hearing will take

place in Courtroom 620 in the courthouse, not Courtroom 521 as indicated on the first page of

the proposed notice.  Second, on the second page, the case number is 7:08 Civ. 0321 (VB), not

(KMK).  This should also be fixed on the Opt-Out Form.

Assuming these changes are made, the Court approves the proposed notice as it contains

all the necessary information, including the nature of the lawsuit, the class, the settlement terms,

and the options available to the members of the class.  Fed. R. Civ. P. 23(c)(2)(B).

Finally, the fairness hearing is schedule for May 8, 2012 at 2:00 p.m.

## CONCLUSION

For the foregoing reasons, the Courts GRANTS the parties' joint motion, conditionally certifies the class for settlement purposes, approves of the parties proposed notice and method of notification (provided the Court's changes are made), and preliminarily approves of the settlement agreement. The corrected notice shall be mailed by first class mail by class counsel to the individuals identified as potential class members on Exhibit 1 to the proposed settlement agreement by no later than March 7, 2012. In addition, objecting class members and those wishing to opt out of the class shall file opt-out forms, objections, or other responses to the final approval of the settlement agreement or to the proposed compensation of class counsel with the Clerk of the Court and mail them to the entities listed in the Notice, via certified mail, return receipt requested, by no later than April 21, 2012.

The Court will hold a fairness hearing on May 8, 2012 at 2:00 p.m.

The Clerk of the Court is instructed to terminate the pending motions (Doc. #68)

Dated: February 24, 2012
      White Plains, New York

SO ORDERED:

Vincent L. Briccetti
United States District Judge

11